SUPREME CONCLAVE KNIGHTS OF DAMON *v.* PENELOPE A. SAYLOR.

EVIDENCE.    *Age of person.   Insurance.*

> Where a benefit certificate, issued on the life of a member by a be-
> nevolent society, provided that it should be void if the member in
> his application therefor made false representations touching his
> age, and in a suit thereon by the beneficiary, after the death of
> the member, it was shown *prima facie* that the member had, in his
> application, represented himself to be materially younger than he
> really was, a verdict for the plaintiff should not be upheld alone
> on mere conclusions of a witness drawn from his appearance after
> maturity and proof of declarations made years before by decedent
> to the effect that his age corresponded with the statements in the
> application, especially if the case be suggestive that his age could
> have been easily proved.

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

Mrs. Saylor, the appellee, was the plaintiff in the court below; the Supreme Conclave Knights of Damon was the defendant there.    The case was this:

John R. Saylor held a benefit certificate in the appellant order for $2,000, payable to his wife, Mrs. Saylor, appellee.    He died on May 8, 1899.    The Supreme Conclave Knights of Damon refused payment of the certificate, and Mrs. Saylor brought this suit to recover the amount of the certificate.    In his application for the benefit certificate John R. Saylor agreed that any benefit certificate that might be issued should be void if any statement made by him therein, or to the medical examiner, was untrue, respecting, among other things, his age. The application and medical examination were made a part of the certificate by the provisions of that instrument.    In his application Saylor stated that he was 54 years old.    Defendant filed several special pleas, and its third special plea set up that the insured was more than 54 years old at his last birthday before

the date of his application.   The only evidence on this point
was the statement of one witness that he heard Saylor say a
year or two before his death that he was then 63 years old, and
the city clerk was introduced, and exhibited the city registra-
tion books, which showed an entry, sworn to by the decendent,
of Saylor's registration, his age being put down as 64.    Mrs.
Saylor testified that she did not know how old Saylor was.
She only knew what he had told her.    She stated that they
were married in 1867, and Saylor told her he was then 21 years
old and his appearance indicated the truth of his statement.
He was born in Missouri and lived there before he went into
the confederate army.    There were verdict and judgment for
the plaintiff, from which defendant appealed.

*Neville & Wilbourn* and *J. Wimberly*, for appellant.

The court below ought to have sustained defendant's motion
for a new trial.    The defendant made out its defense, showing
a misrepresentation by Saylor respecting his age in his applica-
tion for insurance and made it out so perfectly as to entitle it
to a peremptory instruction on that issue and to a new trial.
*Chicago, etc., R. R. Co.* v. *Puckwood*, 59 Miss., 280.    The
plaintiff did not overcome in any way this perfect *prima facie*
defense.    The declarations of Saylor made to his wife about
the time of their marriage was not only incompetent but was
of no legal effect, and the statement of the wife that Saylor
appeared to be only 21 years of age when she married him,
were mere conclusions of the witness and certainly not the best
evidence of his age.

*Ethridge & McBeath*, for appellee.

Certainly it is competent to prove the age of a person from
his appearance.    Mrs. Saylor's testimony as to the age of her
husband at the time of their marriage, although she knew the
same alone from his appearance at the time, was evidence for
the consideration of the jury and it supports the verdict and is

sufficient to maintain it even as against the registration roll, and Saylor's declarations shown by defendant. This court will not reverse the judgment appealed from if there were evidence to support the finding of the jury. The weight of evidence is not to be determined by the court.

Argued orally by *R. E. Wilbourn* and *J. Wimberly*, for appellant, and *J. H. McBeath*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

Repeated examination of the record makes it manifest that this verdict must be set aside because of the state of the testimony as to Mr. Saylor's age. It may be that on a new trial testimony showing clearly the fact as to his age may be had. We see no reason why it should not be easy to ascertain the truth about it, since the place of his birth is known; and it ought to be the object of both sides to ascertain and make known the truth.

*Reversed and Remanded.*